UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AGNES RUSSELL, | § | No. 4:13-cv-826 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| GC SERVICES, LP. , | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S COMPLAINT

AGNES RUSSELL (Plaintiff), through her attorneys, Krohn & Moss, Ltd., alleges the following against GC SERVICES, LP.  (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Texas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

## PARTIES

6. Plaintiff is a natural person residing in Boone, Iowa.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is an alleged debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national debt collection company with its main office located in Houston, Texas.

## FACTUAL ALLEGATIONS

10. In or around January and February of 2013, Defendant placed collection calls to Plaintiff attempting to collect an alleged debt arising from transactions for personal, household, and/or family purposes.

11. Defendant placed collection calls to Plaintiff at 515-231-90XX.

12. On January 21, 2013, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine.  *See* Exhibit A.

13. In the voicemail message, Defendant's representative, "Ken Glassmeyer" failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector.  *See* Exhibit A.

14. In the voicemail message, Defendant's representative, "Ken Glassmeyer", directed Plaintiff to call him back at 1-314-851-4336, which is a number that belongs to Defendant.  *See* Exhibit A.

15. On January 23, 2013, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine.  *See* Exhibit B.

16. In the voicemail message, Defendant's representative, "Ken Glassmeyer" failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector. *See* Exhibit B.

17. In the voicemail message, Defendant's representative, "Ken Glassmeyer", directed Plaintiff to call him back at 1-314-851-4336, which is a number that belongs to Defendant. *See* Exhibit B.

18. On January 28, 2013, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* Exhibit C.

19. In the voicemail message, Defendant's representative, "Ken Glassmeyer" failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector. *See* Exhibit C.

20. In the voicemail message, Defendant's representative, "Ken Glassmeyer", directed Plaintiff to call him back at 1-314-851-4336, which is a number that belongs to Defendant. *See* Exhibit C.

21. On February 1, 2013, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* Exhibit D.

22. In the voicemail message, Defendant's representative, "Ken Glassmeyer" failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector. *See* Exhibit D.

23. In the voicemail message, Defendant's representative, "Ken Glassmeyer", directed Plaintiff to call him back at 1-314-851-4336, which is a number that belongs to Defendant. *See* Exhibit D.

24. On February 6, 2013, Defendant called Plaintiff and left a voicemail message on Plaintiff's

answering machine.  *See* Exhibit E.

25. In the voicemail message, Defendant's representative, "Ken Glassmeyer" failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector.  *See* Exhibit E.

26. In the voicemail message, Defendant's representative, "Ken Glassmeyer", directed Plaintiff to call him back at 1-314-851-4336, which is a number that belongs to Defendant.  *See* Exhibit E.

27. On February 7, 2013, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine.  *See* Exhibit F.

28. In the voicemail message, Defendant's representative, "Ken Glassmeyer" failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector.  *See* Exhibit F.

29. In the voicemail message, Defendant's representative, "Ken Glassmeyer", directed Plaintiff to call him back at 1-314-851-4336, which is a number that belongs to Defendant.  *See* Exhibit F.

30. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural

consequence of which is to harass, oppress, or abuse Plaintiffs

b. Defendant violated §1692d(6) of the FDCPA by placing collection calls to Plaintiffs without meaningful disclosure of the caller's identity.

c. Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of the debt.

d. Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

e. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its communications with Plaintiff that the communication was from a debt collector.

WHEREFORE, Plaintiff, AGNES RUSSELL, respectfully requests judgment be entered against Defendant, GC SERVICES, LP., for the following:

32. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

34. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: March 22, 2013

By: /s/Ryan S. Lee
Ryan S. Lee
Krohn & Moss, Ltd
10474 Santa Monica Blvd.
Suite 401
Los Angeles, CA 90025
(323) 988-2400 x241
(866) 861-1390 (fax)
Email: rlee@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF IOWA

Plaintiff, AGNES RUSSELL, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, AGNES RUSSELL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_3/17/13_  
Date

_Agnes Russell_  
AGNES RUSSELL

PLAINTIFF'S COMPLAINT                                                                                   6